## SECOND DISTRICT, 1897.

Texas & Pacific Railway Co. v. Tom Green County Cattle Co.

Delivered January 2, 1897.

1. **Railway Company—Shipment of Live Stock—Burden of Proving Where Injury Occurred.**

Where there was no contract exempting the railway company from liability for damages to a shipment of cattle not occurring on its own line, or providing for anyone to accompany them and care for them, the fact that a representative of the shipper did accompany the cattle is not sufficient to cast upon the shipper the burden of proving on what line of railroad injury occurred.

2. **Same—Injuries to Live Stock—Wreck—Presumption.**

Where plaintiff showed a wreck of three cars out of a train of cattle, and that many cattle were then injured, this is sufficient to warrant the jury in concluding that the injuries existing at the time of delivery were caused by the wreck.

Appeal from Reeves.   Tried below before Hon. C. N. Buckler.

*B. G. Bidwell,* for appellant.

[No brief for appellee reached the Reporter.]

HUNTER, Associate Justice.—Appellee on April 23, 1889, delivered to appellant at Monahan, Texas, 264 head of cattle, to be transported over its line to Fort Worth, Texas, and thence over a connecting line to Ponca, in the Indian Territory, and there to be delivered to appellee.   The record fails to disclose any written contract relating to the shipment.   We therefore conclude that none was made, and that the rights and liabilities of the parties must be determined by the common law governing common carriers of live stock in such cases.

The cattle were carried by appellant to Fort Worth, Texas, and there delivered to a connecting carrier, the Gulf, Colorado & Santa Fe Railway Co., which carried them to Ponca and delivered them to appellee, or such of them as had not been killed or lost in transit.   At Midland, Texas, while in charge of the appellant, three cars of one train of the cattle were run into by a west bound freight train of appellant's and

overturned and smashed, and many of the cattle injured, some killed and some strayed off, so that out of the 79 head of steers originally shipped in the three wrecked cars, 74 head only were delivered to the Gulf, Colorado & Santa Fe Railway Co. at Fort Worth.   The whole number of cattle delivered to appellee at Ponca was 242, showing a loss on the way of 22 head.   Appellant, by its witnesses, shows 9 head lost while on its road.   Where the others were lost does not appear.

Of the 242 head delivered at Ponca, 66 head of steers were damaged. Some had horns knocked off, some legs broken, some hipped, some with ribs broken.   Some of them died shortly after they were delivered, but the record fails to show how many—probably about 6 head.   The rest of the 66 head were so injured and damaged that they were worth but $7.50 per head, and were sold at Ponca by appellee for this amount. The market value at Ponca of all the steers shipped was $20 per head. The 22 head not delivered were worth at Ponca $440.   The 9 head lost on appellant's road were worth at Ponca $180.   The 66 head received in an injured and damaged condition were depreciated in value $12.50 per head, amounting to $825.

The evidence is conflicting as to whether all the injuries found to exist at the time of delivery at Ponca were caused by the wreck at Midland, as appellant's witnesses testify that they were in good condition when turned over to the Gulf, Colorado & Santa Fe Railway Co. at Fort Worth.   The verdict in this case is for $850, and under the evidence is not excessive, if the jury believed that the injuries to the cattle shown to exist at the time of their delivery were caused by the wreck at Midland.   There is no evidence of any other cause, and the injuries were such as a wreck of the character proved to have occurred on appellant's road would have been likely to produce.

Appellant complains that the court erred in refusing to charge the jury to the effect that, "when a shipper of live stock goes or sends one with the stock shipped to look after them, it devolves on the shipper, in case of loss, to show where they were lost."

We think the court correctly refused this charge, if for no other reason, because there was no contract of shipment exempting appellant from liability for damages not occurring on its own line; nor does it appear that there was any contract providing for any one to accompany the cattle in transit, such as is usually found in printed forms of contracts for the shipment of live stock in use by the railroad companies in this State.

Appellant bases its contention on the evidence of W. M. Allen, a witness for appellee, who says he was a stockholder in the appellee company, and that "Jo Car went with the train of steers.   He went with them for and was representative of the plaintiff."   But it does not appear that, by contract or otherwise, Jo was to have any care, custody or control of the cattle.   We are therefore of opinion that the evidence falls far short of that which is required, under our Supreme Court decis-

ions, to cast the burden on the shipper of proving on what line of railroad the injury occurred.

But even if it could be inferred that Jo Car had control and charge of the cattle in transit appellee does prove a wreck of the three cars of cattle at Midland, on appellant's road, and that many cattle were injured in that wreck. This was amply sufficient to warrant the jury in concluding that the injuries shown to have existed at the time of delivery at Ponca were caused by this wreck, and it consequently devolved upon appellant to show some other cause for such injuries, sufficient to authorize the jury to conclude otherwise.

The charge of the court confined the jury strictly to the consideration of such damages only as resulted from injuries to the cattle caused by the wreck at Midland, and it therefore clearly appears that the jury concluded, as was natural, that the injured condition of the cattle as found to exist at Ponca, was caused solely by the wreck at Midland, and we concur in this conclusion of fact for the same reason.

The other assignments relate principally to the same supposed error in different forms, and each and all of them are overruled.

We find no error in the judgment, and the same is in all things affirmed.

*Affirmed.*

Writ of error refused.